IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAQUAN WAINWRIGHT and JAMAAL RICHBERG, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SHARON, DANIEL McEVOY, MARC ANTHONY ADAMO and EDWARD STABILE, Individually and in their official capacity, <br><br> Defendants. | Civil Action No. 14-1212 <br> Judge Nora Barry Fischer |

## **MEMORANDUM OPINION**

I. **INTRODUCTION**

Plaintiffs Shaquan Wainwright ("Wainwright") and Jamaal Richberg ("Richberg") (collectively, "Plaintiffs") initiated this civil rights action against the City of Sharon and three Sharon police officers: Daniel McEvoy, Marc Anthony Adamo, and Edward Stabile ("Defendants"). The Complaint asserts nine separate causes of action pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution. (Docket No. 1).

Presently pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint in Response to Defendants' Motion for Judgment on the Pleadings (Docket No. 57), Defendants' Response (Docket No. 70), Plaintiffs' Reply (Docket No. 77), and supplemental briefs (Docket Nos. 91, 92) filed by the parties following an oral argument on August 31, 2015 (Docket No. 99). For the reasons set forth below, Plaintiffs' Motion to Amend will be GRANTED.

.

## II. FACTUAL BACKGROUND

According to the Complaint, Wainwright, an African-American, and Stanley Root, a white man, had an altercation at Wainwright's home that resulted in a call to the police. (Docket No. 1 at ¶¶ 16-20). Three Sharon police officers, all white, arrived at the scene. (*Id*. at ¶ 21). Despite the presence of several corroborating witnesses, the officers refused to believe Wainwright's version of the incident with Root, repeatedly asked him if he owned a firearm, and ultimately searched his home and arrested him without a search warrant or probable cause. (*Id*. at ¶¶ 27-30, 34, 35-36). The officers also made racially charged statements and directed several racial slurs towards Wainwright and his friends and family. (*Id*. at ¶¶ 31, 37-38).

As Wainwright was being led to a police car in handcuffs, Richberg, an African-American friend of Wainwright's, arrived at the scene. (*Id*. at ¶ 39). One of the officers grabbed Richberg, referred to him as "boy", and demanded to see his identification. (*Id*. at ¶ 41). Richberg was released after a police check on his identification came back clean. (*Id*.).

Following his arrest, Wainwright was charged with simple assault, terroristic threats, and misdemeanor disorderly conduct. (*Id*. at ¶ 42). Wainwright was kept in handcuffs until his hands went numb and was refused his diabetes medication. (*Id*. at ¶ 43). Officers searched his home in a "brutal" fashion, breaking many of his personal possessions and destroying his seven-year-old son's bedroom. (*Id*. at ¶ 45). The search uncovered a shotgun that was later used by police to have Wainwright removed from his home in public housing. (*Id*. at ¶¶ 44, 59). Wainwright alleges that all of these actions stemmed from racial animosity on the part of the Sharon police department and its officers.

## III. PROCEDURAL HISTORY

Plaintiffs filed their original Complaint on September 8, 2014. (Docket No. 1). On November 19, 2014, the parties filed a Rule 26(f) report with a proposed deadline of March 1, 2015 for the addition of parties or amendment of pleadings. (Docket No. 12). On November 25, 2014, the Court issued a Case Management Order adopting the deadlines stated in the Rule 26(f) report. (Docket No. 15). The Case Management Order was later modified to extend the discovery period, but the deadline for motions to amend/add parties was never altered. (Docket No. 24).

Defendants filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on July 1, 2015. (Docket No. 28). In response, Plaintiffs filed the instant Motion to Amend. (Docket No. 57). The latter motion is now fully briefed and ripe for review.

### IV. LEGAL STANDARDS

A party seeking leave to amend the pleadings after the deadline set by the Court's Case Management Order must satisfy the requirements of Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See Walker v. Centocor Ortho Biotech, Inc*., 558 Fed. App'x 216, 221–22 (3d Cir. 2014) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp*., 614 F.3d 57, 84 (3d Cir. 2010). A Case Management Order "may be modified only for good cause and with the judge's consent." FED R. CIV P. 16(b)(4). Good cause requires a demonstration of due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84. "Many courts have recognized that '[w]here ... the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Graham v. Progressive Direct Ins. Co*., 271 F.R.D. 112, 119 (W.D. Pa. Sep.15, 2015) (Fischer, J.) (quoting *Price v. Trans Union, LLC*, 737 F.Supp.2d 276, 280 (E.D. Pa. 2010)).

3

Only once the moving party demonstrates good cause under Rule 16(b)(4) can the Court consider its Motion to Amend under Rule 15's standard. *See Walker*, 558 Fed. App'x at 221–22 (citing *Race Tires Am., Inc.*, 614 F.3d at 84). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED R. CIV P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 200 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id*. (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of [leave to file] an amendment." *Cornell & Co. v. Occupational Safety and Health Review Com'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Graham*, 271 F.R.D. at 123 (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.' " *Id*. (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 700 (E.D. Pa. 2007)). The test under Rule 15(a) "is in the disjunctive, meaning that if [Defendants] meet[ ] [their] burden to prove any one of these elements, the [amendment] should not be permitted." *Id*.

**V.    DISCUSSION**

Plaintiffs' primary argument in support of their Motion to Amend is that amendment is necessary in order to cure the pleading deficiencies highlighted by the Defendants in the pending Motion for Judgment on the Pleadings. The proposed amendments clarify and refine Plaintiffs' existing causes of action by including factual content allegedly adduced during discovery, rather than adding new claims or parties. Plaintiffs support their request by citing the Third Circuit's liberal policy for permitting curative amendments in civil rights actions and argue that good cause exists because, in the absence of amendment, they will be deprived of the opportunity to use relevant and favorable evidence to respond to Defendants' dispositive motion. Defendants, in response, contend that Plaintiffs' motion should be denied because Plaintiffs failed to exercise due diligence to discover the newly proposed facts prior to the expiration of the deadline to add/amend contained in the Case Management Order.

Plaintiffs' Motion arrives in an unusual procedural posture. When this action was initiated, Defendants elected not to utilize Rule 12(b)(6) to challenge the sufficiency of the Complaint. The parties proceeded to discovery, and the deadline for filing an amended complaint set forth in the Court's Case Management Order expired. Several weeks later – and almost ten months after the original complaint was filed – Defendants filed the pending Motion for Judgment on the Pleadings. Plaintiffs acknowledge that Rule 12(c) permits the filing of such a motion at any time "after the pleadings are closed . . . but early enough not to delay trial", but contend that Defendants intentionally timed their motion to prevent the Court from reviewing relevant and favorable evidence adduced during discovery that supports Plaintiffs' claims and potentially entitles them to judgment in their favor. Such evidence may not be used to oppose a motion challenging the sufficiency of the pleadings, and it is too late for Plaintiffs to amend their complaint to include any curative facts adduced during discovery without showing "good cause."

*See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (noting that a Court reviewing a Rule 12(c) motion may only consider "the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon those documents."); FED R. CIV P. 16(b)(4) (stating that the deadlines in a Case Management Order may be modified "only for good cause and with the judge's consent"). Consequently, Plaintiffs accuse Defendants of attempting to employ "sharp pleading practices" to effectuate a denial of justice:

> [A] defendant, knowing that a Plaintiff would have essentially an automatic right to amend if a Rule 12(b)(6) motion were filed, might deliberately withhold challenges to pleadings, permit discovery proceedings and then seek to preclude the court from reviewing the evidence that discovery has produced, by filing a 12(c) motion. The Defendants actually claim here that Plaintiffs are foreclosed from disclosing evidence which favors their case, in responding to the belated motion on the pleadings (evidence which is so strong that it may entitle them to summary judgment), because they are bound and limited by the allegations made in the pleadings, before there was any discovery.

(Docket No. 57 at 5).

This Court recently addressed a similar scenario in *Gaston v. Caugherty*, 2015 WL 8601232 (W.D. Pa. Dec. 14, 2015). In *Gaston*, the defendants filed a dispositive motion challenging the sufficiency of the pleadings after the deadline for amendments had passed. *Id*. at *5. As in the instant case, the timing of the motions was atypical "in that Plaintiff had already amended her Complaint twice, and Defendants had already filed an Answer, prior to Defendants filing Motions to Dismiss." *Id*. at *6. Plaintiff responded by seeking leave to file a Third Amended Complaint. *Id*. at *5. The Court held that good cause supported the plaintiff's request to amend:

> [U]nder Rule 16, Gaston must show good cause in order to be granted leave to amend. The Court finds that she has done so here. In [*Karlo v. Pittsburgh Glass Works, LLC*, 2011 WL 5170445 (W.D. Pa. Oct. 31,

6

> 2011)], this Court found that the plaintiffs had not been diligent in seeking the discovery that led to their motion to amend. *Karlo*, 2011 WL at *3-4; *see also Graham v. Progressive Direct Insurance Co.*, 271 F.R.D. 112, 119-20 (W.D. Pa. 2010) (finding no good cause where motion for leave was based on newly discovered evidence which the Court found not to have actually been newly discovered). Here, Gaston seeks to amend in order to cure possible pleading deficiencies as attacked by motions to dismiss. Since the Proposed Third Amended Complaint and the instant Motion for Leave were filed in direct response to Defendants' Motion to Dismiss, the Court finds that Plaintiff has shown good cause, in that she should be provided the opportunity to respond to Defendants' dispositive motions.

*Id*. at *6.

Several other courts have reached the same conclusion. In *Ross v. Volusia County*, 2013 WL 1187537 (M.D. Fla. Mar. 21, 2013), the deadline for motions to amend pleadings had already passed when the defendants moved for partial judgment on the pleadings. *Id*. at *1. Plaintiff sought leave to amend in order to remedy the deficiencies in the complaint by supplying additional facts adduced during discovery. *Id*. The Court granted the motion over the defendant's objection:

> Rule 16 and its accompanying diligence standard govern the instant motion for leave to amend. On that note, the Court reminds Plaintiff that Defendant is under no obligation to file an early motion to dismiss in order to notify Plaintiff of pleading deficiencies. The absence of such a motion certainly does not absolve Plaintiff of his responsibility to correctly plead facts to support his claims or to timely identify deficiencies in his Complaint. On the other hand, identifying such a jurisdictional deficiency, lying in wait until the deadline has passed, and then filing a motion to catch one's opponent unawares with the time deadline for amendment down river hardly seems like a course of conduct that should be rewarded.
>
> Ultimately, in view of the fact that Plaintiff has not previously amended his Complaint, the communication difficulties faced because of Plaintiff's disabilities, and the potential injustice to Plaintiff of denying an amendment as compared to the relative lack of substantial injury to Defendant in granting it, the Court finds that there is good cause to grant Plaintiff leave to amend his Complaint.

*Id*. at *2. *See also Martinez v. City of Denver*, 2012 WL 4097298, at *2 (D. Col. Sep. 18, 2012) (finding good cause for plaintiff's request to amend where defendants waited until one year after the pleading amendment deadline to point out deficiencies in the complaint and plaintiff acted promptly to cure the deficiencies); *Wright v. Memphis Light, Gas & Water Div.*, 2012 WL 3683484, at *2 (W.D. Tenn. Aug. 24, 2012) (finding good cause to amend in response to a dispositive motion because plaintiff had recently added new counsel and was not seeking to add new claims or parties and discovery remained ongoing); *Rehberg v. City of Pueblo*, 2011 WL 4102287, at * (D. Col. Sep. 14, 2011) (finding good cause where plaintiff sought to amend in response to a dispositive motion "to add information learned during discovery – eight months of which occurred after the pleading amendment deadline").

On balance, the Court finds that the standard for good cause under Rule 16(b)(4) is satisfied here. Upon being served with Defendants' Motion for Judgment on the Pleadings, Plaintiffs acted diligently to file their Motion to Amend within the timeframe for responses to Defendants' dispositive motion. As in *Gaston*, Plaintiffs' motion was filed in direct response to a dispositive motion filed after the deadline for amendment had passed. Plaintiffs are not seeking to add additional parties or claims to this action, but merely to utilize facts adduced during discovery to clarify and refine their claims in response to the deficiencies highlighted in Defendants' motion. The proposed amendments will not unduly prejudice the Defendants, particularly as discovery remains ongoing. Moreover, the Court recognizes that the Third Circuit has counseled strongly in favor of providing civil rights plaintiffs with an opportunity to amend their complaint in response to a dispositive motion on the pleadings. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that . . . if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be

inequitable or futile."); *Andela v. Am. Ass'n for Cancer Research*, 389 F. App'x 137, 142 (3d Cir. 2010) (Rule 12(c) context). In the absence of an opportunity to amend, Plaintiffs will be deprived of an opportunity to meaningfully respond to Defendants' dispositive motion with the benefit of the current record. Each of these factors supports a finding of good cause.

Having determined that Plaintiffs have demonstrated good cause, the Court next must consider Plaintiffs' Motion to Amend pursuant to Rule 15's liberal standards. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Graham*, 271 F.R.D. at 123 (citing *Cureton*, 252 F.3d at 273).

As explained above, Plaintiffs' Motion to Amend is not dilatory or unduly prejudicial. To the contrary, the motion was filed for the express purpose of incorporating facts disclosed during discovery that would otherwise be shielded from the Court's review by the standards governing Rule 12(c). *See, e.g.*, *Gaston*, 2015 WL 8601232 at *6-7 (granting leave to amend under Rule 15 where the plaintiff "attempted to file her Third Amended Complaint as a timely response to Defendant's Motions to Dismiss"). Permitting the requested amendment is consistent with both the liberal approach embodied in Rule 15 and the Third Circuit's strong policy in favor of permitting curative amendments in civil rights cases. *Dole v. Arco Chemical Co.*, 921 .2d 484, 486-87 (3d Cir. 1990) (pursuant to Rule 15, "leave shall be freely given when justice so requires"); *Alston*, 363 F.3d at 235 (3d Cir. 2004) ("We have held that . . . if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative

amendment, unless an amendment would be inequitable or futile."). For these additional reasons, Plaintiffs' Motion to Amend will be granted.

## VI. CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint in Response to Defendants' Motion for Judgment on the Pleadings (Docket No. 57) is GRANTED.

An appropriate order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC/ECF:     All parties of record.
Date:         January 11, 2016